IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| FREDDIE BRADLEY, #281630, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:08-3352-RBH-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| MCKITHER BODISON, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Freddie Bradley ("Bradley"), is an inmate at the South Carolina Department of Corrections serving a sentence of twenty years imprisonment for voluntary manslaughter imposed in Williamsburg County. Bradley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 2, 2008. The case was dismissed without prejudice on November 19, 2008 for failure to pay the required filing fee. Bradley notified the court that he had previously paid the fee, and a check of court records showed that the fee had in fact been paid. The case was reinstated on December 4, 2008, and service of process was authorized.[1]

Respondent filed a motion for summary judgment, supported by copies of the state court record, on March 11, 2009. Because Bradley is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 13, 2009. Bradley filed a response

---

[1] The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C).

1

to the motion for summary judgment on April 29, 2009.

## Background and Procedural History

Bradley was arrested for the beating death of his girlfriend in July of 2004. He was charged with murder. Bradley was represented by William LeGrand Carraway, Esquire. A jury was selected on February 2, 2005. After Bradley expressed concern about his attorney, the court recessed. Following the break, Bradley pled guilty to voluntary manslaughter. He did not file a direct appeal.

Bradley filed an application for post-conviction relief ("PCR") on November 7, 2005. (App. 46). Bradley alleged ineffective assistance of counsel, a violation of due process, and that his plea of guilty was involuntary. An evidentiary hearing was held on October 6, 2006. (App. 64). Bradley was represented by Gregory Askins, Esquire. Both Bradley and Mr. Carraway testified. The PCR court issued an order of dismissal on November 28, 2006, but allowed Bradley to seek a belated direct appeal under White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974).

Mr. Askins filed a Notice of Appeal. (Res.Mem., Ex. 3). A petition for writ of certiorari was filed by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner did not knowingly and voluntarily waive his right to appeal his guilty plea?

(Res.Mem., Ex. 5).

Also, an Anders[2] brief was filed on Bradley's behalf raising the following issue:

> Whether petitioner's guilty plea failed to comply with the mandates set froth in Boykin v. Alabama?

(Res.Mem., Ex. 6).

The State filed an informal letter return. (Res.Mem., Ex. 7). Pursuant to state procedure, Bradley filed

---

[2]Anders v. California, 386 U.S. 738 (1967).

2

a *pro se* brief raising the following issue:

> Whether trial court was in error for accepting Petitioner's guilty plea for voluntary manslaughter where facts and admissions of Petitioner only constituted involuntary manslaughter?

(Res.Mem., Ex. 8).

The direct appeal was dismissed by the Court of Appeals fo South Carolina. *See* <u>Bradley v. State</u>, Unpub.Op. No. 2008-UP-273 (Ct.App. Filed May 19,2 008). (Res.Mem., Ex. 9). Bradley's attempt for further review by the South Carolina Supreme Court was dismissed. (REs.Mem., Ex. 11). The Remittitur was returned on June 9, 2008. (Res.Mem., Ex. 12).

## **Grounds for Relief**

In his present petition, Bradley asserts that he is entitled to a writ of habeas corpus on the following ground:

> Trial Court was in error for accepting petitioner's guilty plea for voluntary manslaughter."

## **Discussion**[3]

Since Bradley filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

---

[3]Respondent argues that Bradley's ground for relief is procedurally barred because he "did not properly raise the issue that is now raised in the habeas petition." (Res.Mem., p. 22). However, Bradley's claim appears to be identical to the claim he raised in his *pro se* brief.

3

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id*. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

A guilty plea must be the informed and intelligent decision of the defendant. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The defendant must be advised of his constitutional protections and the nature of the charge against him. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). The defendant must be advised, whether by counsel or the court, of the elements of the offense to which

4

he is pleading guilty. *Id.*

Bradley appears to argue that the trial court should not have accepted his guilty plea to voluntary manslaughter because, under the facts recited at the change of plea hearing, he was only guilty of involuntary manslaughter. Indeed, in the requested relief portion of the present petition, Bradley asks that his conviction for voluntary manslaughter be vacated, and his case remanded for sentencing for involuntary manslaughter.[4]

> A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the charge. Furthermore, a guilty plea constitutes a waiver of all non-jurisdictional defects, including the right to contest the factual merits of the charges.
>
> United States v. Willis, 992 F. 2d 489, 490 (4th Cir. 1993). (internal citations and quotation marks omitted). *See also* Wilson v. South Carolina, 2001 WL 34684721, *2 (applying Willis in § 2254 action).

The undersigned concludes that Bradley is not entitled to challenge the factual basis of his plea in this proceeding. He does not assert that his plea was involuntary or unknowing. A review of the transcript shows that the trial judge carefully questioned Bradley and complied with the requirements of Boykin v. Alabama, *supra*. When Bradley began to equivocate, the trial court defined voluntary manslaughter (App. 29), and Bradley reluctantly admitted that he inflicted the fatal blow. (App. 32).[5] The transcript of the change of plea hearing when read in its entirety, including

---

[4]In his Roseboro response, Bradley makes arguments that his counsel was ineffective for failing to interview the pathologist concerning the autopsy report and that the trial judge was biased. These grounds are not presented in the petition and were not properly presented to the South Carolina courts for review. They are procedurally barred.

[5]The present petition is simply a continuation of Bradley's equivocation. He points to his comments made on the record before the trial judge specifically questioned him, and the autopsy report. Based on his selective reading of the record, Bradley speculates that someone else, the victim's other boyfriend, may have delivered the blows that killed her.

5

the facts presented by the investigating officer (App. 23-27), and Bradley's statements, provide a sufficient basis for a conviction for voluntary manslaughter.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

September 17, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).