UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Freddie Bradley, ) | Civil Action No.: 3:08-cv-03352-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| McKither Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The Petitioner, Freddie Bradley, is a state prisoner proceeding *pro se* under Title 28 U.S.C. § 2254. He is currently an inmate at Lieber Correctional Institution in Ridgeville, South Carolina. This matter comes before the court with the Report and Recommendation [Docket Entry #33] of United States Magistrate Judge Joseph R. McCrorey.[1]

## **Background**

Petitioner is currently serving a sentence of twenty (20) years imprisonment for voluntary manslaughter. On October 2, 2008, Petitioner filed a petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. The court dismissed the case without prejudice on November 19, 2008 for failure to pay the required filing fee. However, a later review of the court records disclosed that the filing fee had in fact been paid. Accordingly, the court reopened the case on December 4, 2008, and service of process was authorized.

On March 11, 2009, Respondent filed a motion for summary judgment. Because Petitioner is proceeding *pro se*, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on March 13, 2009. After receiving an extension of time to file from

---

[1] This matter was automatically referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rules 73.02(B)(2)(c) and (e) (D.S.C.).

the court, Petitioner filed his response in opposition of the motion for summary judgment on April 29, 2009. After reviewing the pleadings, motions, and applicable law, the Magistrate Judge filed his Report and Recommendation regarding the matter on September 17, 2009. Petitioner's objections to the Report and Recommendation were due by October 5, 2009.[2]

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] Specific written objections must be filed within ten (10) days of the date of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten (10) day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).

**Discussion**

Petitioner's [Docket Entry #34] Objections to the Report and Recommendation were untimely filed. The objections were due by October 5, 2009. A *pro se* prisoner's pleading is considered filed at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266, 270 (1988). This is because "[u]nlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." *Id.* at 271. Therefore, a prisoner's "control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access . . . ." *Id.* In the matter presently before the court, Petitioner delivered his objections to the Lieber Correctional Institution's mail room on October 9, 2009, whereby the envelope containing the objections was stamped accordingly. This was four (4) days after Petitioner's deadline to file, thereby rendering his objections untimely and waiving his right to *de novo* review by this court.

Nevertheless, the court has reviewed Petitioner's objections and the applicable law. Upon such review, the court finds Petitioner's arguments to be misapplied and without merit.

**Conclusion**

For the reasons stated above and by the Magistrate Judge, the court hereby adopts and incorporates by reference the Magistrate Judge's Report and Recommendation, and the Respondent's [Docket Entry #24] Motion for Summary Judgment is **GRANTED**. Accordingly, Petitioner's [Docket Entry #1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

October 23, 2009
Florence, South Carolina